## PARKER v. JERVIS.

### March, 1867.

Neither the supreme court nor this court have power to review the questions of fact where the trial is had before a jury. Only one question can arise before the general term on the findings in such a case,—viz: whether there was any evidence upon which the finding of the jury can be sustained.

· If the supreme court, at general term, decide that there was no proof by which the verdict can be sustained, then a question of law is presented which may be considered by this court.*

* Distinguished in Bryant v. Bryant, 42 N. Y. 11. Cited in Tell v. Beyer, 38 Id. 161; Coyle v. City of Brooklyn, 53 Barb. 41; Ames v. Rathbun, 55 Id. 195. For the present practice, see Sands v. Crooke, 46

Parker *v.* Jervis.

A symbolical, delivery, by an assignor for the benefit of creditors, to his assignee, by delivering the keys of his store, his books, &c., accompanied by the assignee's hiring the clerk of the assignor and continuing him in charge, and by the assignor's ceasing to have any control over the assets, is sufficient evidence of a delivery to satisfy the statute of frauds.

William C. Chipman (for whom, on his death pending the action, Abraham X. Parker, trustee, &c. was substituted as plaintiff), sued Benjamin T. Jervis, Paul Worth, Russell T. Wheeler and E. B. Litchfield, in the supreme court, for wrongfully taking possession of and refusing to deliver, and converting to their own use, a quantity of merchandise belonging to the plaintiff.

The property had belonged to one George H. Goodrich, who made a general assignment, transferring it, for the benefit of his creditors, to Chipman. The goods were in the store of Goodrich; the assignment was made in a bed-room above the store; and the delivery, which was relied upon, was made at the same time as the assignment, by delivering to plaintiff the keys of the store, and by the plaintiff taking the books, notes and accounts from the store, to his office in the same village. The debtor, the assignor, dismissed his clerk, and the plaintiff, the assignee, hired him to remain, and requested him to keep the assignment secret, until the assignor and the assignee, who were going to New York, should return. The store was kept open, with Goodrich's sign up, until the plaintiff's return, about ten days after the assignment.

The defendants justified the seizure as judgment creditors of Goodrich, claiming that the assignment was fraudulent and void, and that the property belonged to him.

After the evidence was all introduced, the defendants moved for a nonsuit, on the ground that there had been no actual delivery or change of possession of the assigned property. The court denied the motion, and submitted the case to the jury, who found a verdict for the plaintiff.

*The supreme court*, on appeal from an order of the special

N. Y. 564; Wright *v.* Hunter, 47 *Id.* 409; Downing *v.* Kelly, 48 *Id.* 433; Randolph *v.* Loughlin, *Id.* 456.

term, denying a motion made upon the minutes of the judge for a new trial, held that a delivery, such as was here shown, was not a sufficient delivery, in a case where there is nothing to prevent an actual delivery; and hence, that the statute created a presumption of fraud, which imposed upon the plaintiff the burden of proof that the sale was not only made in good faith, but that it was made without intent to defraud creditors; and that, as the plaintiff did not produce evidence to establish either of these requirements, there was nothing to be submitted to the jury. They accordingly reversed the order, and granted a new trial.

*Charles Tracy,* for plaintiff, appellant;—Cited 2 *R. S.* 136, §§ 5, 6, 137, § 1, 135, § 1; King *v.* Wilcox, 11 *Paige,* 589; Pine *v.* Rikert, 21 *Barb.* 469; Forbes *v.* Logan, 4 *Bosw.* 475;* Mathews *v.* Poultney, 33 *Barb.* 127; Hoyt *v.* Thompson, 19 *N. Y.* 207, 212; Marston *v.* Vultee, 12 *Abb. Pr.* 143; S. C., 8 *Bosw.* 129; Adams *v.* Davidson, 10 *N. Y.* (6 *Seld.*) 309; *Code,* §§ 268, 272; *S. Laws* 1860, p. 786-7; *Code,* § 11; 2 *S. Laws* 1857, p. 551; Sanford *v.* Eighth Ave. R. R. Co., 23 *N. Y.* 343; Miller *v.* Schuyler, 20 *Id.* 522; Platt *v.* Munroe, 34 *Barb.* 291; Honsee *v.* Hammond, 39 *Id.* 96.

*H. L. Knowles,* for defendant, respondent.

BY THE COURT.—HUNT, J. [After briefly referring to the facts.]—It will be observed, that the present was the case of a jury trial, and the proceedings upon the motion for a new trial are regulated by sections 264 and 265 of the Code. The proceedings upon appeal where the trial is had by the court, are regulated by section 268, and where the trial is had before a referee, the appeal is regulated by section 272 of the Code. In each of the latter cases, viz., where the trial is had by the court, or where it is had before a referee, this court is authorized to review the questions of fact existing in the case, if it is certified in the order of reversal that the judgment was reversed on questions of fact. Upon appeals where the trial was had before a jury, there is no power in this court in any event

---

* Affirmed in 25 *N. Y.* 430; S. C., less fully, 25 *How. Pr.* 166.

to review the questions of fact. Nor do I find any such power existing in the general term. In the cases of trial before a referee, and before the court, power is expressly given to the general term, by the sections quoted, to review the questions of fact; but where the trial is before a jury, no such power is given and none exists. If there is evidence competent upon the questions submitted, and sufficient to authorize their verdict, it is not open to re-examination in the court above. The finding of the jury is conclusive.

In the present case the court below has not undertaken to review the finding of the jury upon the facts, in form, but after giving its idea of the evidence and its effect, say, "these indications, added to the presumption which the statute imposes, were sufficient to take the case from the jury, and it should have been so taken away;" and therefore, the judgment was reversed, and a new trial granted. I am obliged to differ from these conclusions, and am of the opinion that a fair case was presented for the judgment of the jury. What is the practice of this court in such a case? In Sanford *v.* Eighth Ave. R. R. Co., 23 *N. Y.* 343, Judge Comstock lays down the rule in these words: "When the trial is by jury we have no power under the existing rules of law to review any question of fact determined in the subordinate courts. In this case, therefore, we should be obliged to affirm the order granting a new trial, if that order could stand consistently with any view to be taken of the evidence given at the trial. But we are of opinion that, after giving the defendant the benefit of whatever conflict there may be in the testimony, after examining the facts proved, in the light most favorable to him, the plaintiff was entitled to a verdict." The result arrived at in that case was the proper one, and the case was rightly decided. The principle announced, I think, was erroneous. It was not the duty of this court "to affirm the order granting a new trial, if that order could stand, consistently with any view of the evidence." Neither this court nor the general term had any right to review the facts. But a single question could arise before the general term, and that was, whether there was any evidence upon which the finding of the jury could be sustained. The weight of evidence, the criticisms upon it, and the

inferences to be drawn from it, were for the jury exclusively. If the case admitted of different " views," the judgment of the jury was conclusive. So in the present case, if the general term are to be understood as reviewing the facts, and overriding the judgment of the jury, they exceeded their jurisdiction, and their judgment cannot be sustained. If they intended to decide that there was no proof by which the assignment could be sustained, that, giving full effect and credence to the plaintiff's testimony, it did not sustain his claim, then a question of law was presented, properly passed upon by them, and properly to be considered here.

I will examine this question. The objection was that there was not an immediate delivery of the goods sold, and an actual and continued change of possession. The assignment was made to Chipman, a creditor, living in the immediate vicinity. It was made in the afternoon, in an upper chamber of the store building, in the presence of witnesses. At the time of executing the assignment, the assignor delivered to the assignee the keys of the store, for the purpose of giving him dominion over the property. The former clerks were discharged by the assignor, and all again employed by the assignee to take charge of and remain with the goods of the assignee. They did so take charge and hold the goods for the assignee, and in their actual possession; the assignee at the same time took the books, the notes and accounts, from the store to his office. The signs were taken down, and there is no evidence that the assignor, after this period, ever had or exercised any desire in or control over any of the goods, or that he was ever in or at the store where the goods were kept. The New York creditors were informed within a few days by the assignee in person that an assignment had been made. This evidence shows a fair case of a delivery of the goods, and a continued change of possession under the assignment. It cannot be denied, and need not be, that the conduct of the assignor and of the assignee, when in New York, immediately after the assignment, was open to criticism. Conflicting statements, however, were made, and as detailed by the assignee, the transactions were much less objectionable than as detailed in the evidence of the creditors. It was for the jury to say which statement

they would rely upon, and it was for the jury to say whether they credited plaintiff's evidence, to which I have before referred. By their verdict they affirmed that they did credit it. The defendants then claimed, as they claim no that the assignment was void, first, because of the want of delivery and continued change of possession; second, for actual fraud in the purpose and intent of the assignment. There was evidence sufficient to justify the jury in finding a delivery and change of possession, and in finding that there was no fraud. Having so found, we cannot interfere.

If any valid exception had been taken by the defendants on the trial, the judgment of reversal could be sustained on that ground. None such is referred to by the defendants' counsel in their points; and in examining the case I find but a single exception to evidence on their part, and that is without merit.

, Order for new trial should be reversed, and judgment upon the verdict affirmed.

All the judges concurred.

Order granting new trial reversed, and judgment on verdict affirmed, with costs.